**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  22-20290-CR-BLOOM(s)**

**UNITED STATES OF AMERICA**

**vs.**

**ERIC DEAN SHEPPARD,**

      **Defendant.**
_____/

**UNITED STATES' NOTICE OF INTENT**
**TO USE RULE 404(B) EVIDENCE**

The United States of America, through the undersigned Assistant United States Attorney, files this Notice, pursuant to Federal Rule of Evidence 404(b)(3), of its intent to use certain evidence at trial.

The defendant is charged with nine counts of wire fraud, 18 U.S.C. § 1343, and five counts of aggravated identity theft, 18 U.S.C. § 1028A(a)(1), relating to the submission of false and fraudulent loan applications under the Paycheck Protection Program and the Economic Injury Disaster Loan program, two loan programs backed and funded through the U.S. Small Business Administration.  The defendant's loan applications not only contained materially false information, but many of the supporting documents were falsified, and some were forged with the name, title and signature of others.

During an interview of a potential witness in this case, J.G., last Friday, September 8, 2023, the United States learned of evidence it will seek to introduce at trial pursuant to Federal Rule of Evidence Rule 404(b), for the purpose of proving intent, preparation, plan, knowledge, absence of mistake, or lack of accident.  J.G. worked for the defendant for the past 20 years, through the end

1

of March 2020.  J.G. had significant responsibilities for the defendant's businesses, having been the chief financial officer for a few years, and later as a full-time consultant/independent contractor for the defendant's real estate business.

In 2019, J.G. learned that in 2018, the defendant had forged J.G.'s signature and had misrepresented J.G. as the applicant/sponsor for a non-immigrant visa application on behalf of an individual who would purportedly fill a full-time "graphic designer" position at the defendant's business, HM Management and Development, LLC.  The misrepresentations and the forged signature of J.G. were made on a company letter addressed to the United States Embassy in Mexico, purportedly submitted by J.G., as the Chief Financial Officer (which he no longer was), and on a form prepared for filing with the U.S. Department of Homeland Security in which the defendant's immigration counsel (not counsel in this case) entered a notice of appearance on behalf of the applicant/ sponsor, J.G.  Upon learning of the defendant's unauthorized misuse of his name and signature, J.G. confronted the defendant about it.  The defendant responded by saying, in effect, that he would have to clean up the problem that J.G. created, and the defendant then wrote a letter to the immigration counsel to whom the defendant had provided the forged documents.  In the letter, the defendant attempted to explain the "misunderstanding" surrounding the use of J.G.'s signature.

The government intends to introduce the evidence outlined in this Notice for the uses authorized by Fed. R. Evid. 404(b), specifically for the purpose of proving intent, opportunity, preparation, plan, knowledge, absence of mistake, and lack of accident.  The Eleventh Circuit has long held that the admissibility of "other crimes" evidence pursuant to Rule 404(b) must be determined by applying a three-part test: (1) it must be relevant to an issue other than the defendant's character; (2) the act must be established by sufficient proof for the jury to find that

the defendant committed the extrinsic act by a preponderance of the evidence; and (3) the probative value must not be substantially outweighed by its undue prejudice.  United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000); United States v. Zapata, 139 F.3d 1355 (11th Cir. 1998).

"A defendant who enters a not guilty plea makes intent a material issue which imposes a substantial burden on the government to prove intent, which it may prove by qualifying Rule 404(b) evidence absent affirmative steps by the defendant to remove intent as an issue." Zapata, 139 F.3d at 1358.  "'Where the extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in perpetrating both the extrinsic and charged offenses.'" United States v. Edouard, 485 F.3d 1324, 1345 (11th Cir. 2007) (quoting United States v. Dorsey, 819 F.2d 1055, 1059 (11th Cir. 1987)); see also, United States v. Ellisor, 522 F.3d 1255 (11th Cir. 2008).

The events that J.G. would describe involve making material misrepresentations to federal agencies – the U.S. Department of State and the Department of Homeland Security – and making it appear as if a different representative of the business, i.e. J.G., was the one putting forth the information.  The defendant used J.G.'s identity without his knowledge or consent on documents containing false representations.  The defendant's conduct in this case indicates he had the same state of mind in presenting false information to lenders and the SBA, including on tax returns and other documents that were falsified and forged.  The defendant again used other individuals' titles and identities without their knowledge or consent on the falsified and forged documents.

In United States v. Barrington, the Eleventh Circuit upheld the admissibility of Rule 404(b) evidence where the defendant was charged with conspiracy to commit wire fraud and aggravated identity theft in a scheme to change students' grades on the university's grading system.  648 F.3d 1178 (11th Cir. 2011).  The Court found that the testimony of a cooperating co-defendant that the

defendant had previously changed grades using forged instructor signatures on grading documents was highly probative of the defendant's intent.  Id. at 1187.  In Barrington, the Court found that the state of mind required for the charged offense and the extrinsic act was identical, and thus, the first prong of the Rule 404(b) test was satisfied; the uncorroborated testimony of the co-defendant was sufficient evidence for the jury to find that the defendant committed the extrinsic act; and the probative value of the extrinsic evidence was not outweighed by unfair prejudice.  Id.; see also, United States v. Garcia, 880 F.2d 1277 (11th Cir. 1989) (Court upheld Rule 404(b) evidence of the defendant previously signing another individual's name to a document where the defendant was charged with making false statements on a loan application).

In this case, the state of mind required for the charged offenses is the same as the state of mind of the defendant in committing the extrinsic act, and thus, the 404(b) conduct is highly probative of his intent.  The expected evidence would be proved by the testimony of J.G., copies of the falsified and forged documents that J.G. received, and a copy of the defendant's letter to his former immigration counsel making implied admissions about his conduct.  The records are expected to corroborate the witness, and the evidence in its totality will satisfy the government's burden to establish the extrinsic acts by a preponderance of the evidence.  Finally, any risk of unfair prejudice possibly caused by admitting evidence of other fraudulent activity described here "will be mitigated by the district court's limiting instruction to the jury."  Eduard, 485 F.3d at 1346 (in drug trafficking case, court upheld admissibility of Rule 404(b) evidence of defendant's prior drug smuggling activities and found that any unfair prejudice was reduced by the court's limiting instruction to the jury).

.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   *s/Aimee C. Jimenez*
      Aimee C. Jimenez
      Assistant United States Attorney
      Court No. A5500795
      99 N.E. 4th Street
      Miami, Florida 33132-2111
      Tel: (305) 961-9028
      Fax: (305) 530-7976
      Email: aimee.jimenez@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

      *s/Aimee Jimenez*
      Aimee C. Jimenez
      Assistant United States Attorney