UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  22-20290-CR-BLOOM(s)

**UNITED STATES OF AMERICA**

vs.

**ERIC DEAN SHEPPARD,**

      **Defendant.**
_____/

**UNITED STATES' MOTION *IN LIMINE* TO EXCLUDE TESTIMONY
AND OTHER EVIDENCE OF ILLNESS OR MEDICAL CONDITION**

      The United States of America, through the undersigned Assistant United States Attorney, files this Motion *In Limine,* pursuant to Federal Rules of Evidence 401, 402, and 403, to preclude testimony or other evidence of any illness or medical condition of the defendant or any close family member.  In support thereof, the government submits the following memorandum.

**Background**

      The defendant is charged with nine counts of wire fraud and five counts of aggravated identity theft in connection with the submission of false and fraudulent applications for loans under the Paycheck Protection Program and the Economic Injury Disaster Loan program.  It has come to the government's attention during a trial preparation meeting with a witness that the defendant and/or a close family member suffered a serious medical condition in the recent past.  Evidence of any such illness is irrelevant to the issues in this case and should be excluded.

**Argument**

      The government requests that the defendant's counsel be prohibited from stating during voir dire, opening statement, closing argument, or eliciting in any manner from any witness,

1

health-related information about the defendant or members of his family. No illness or medical condition experienced by the defendant or a close family member makes any fact that the jury needs to determine more or less probable than it would be without the evidence. Such evidence is therefore irrelevant under Fed. R. Evid. 401. *See United States v. Masferrer*, 514 F.3 1158 (11th Cir. 2008) ("Where proffered evidence does not bear a logical relationship to an element of the offense or an affirmative defense . . . a defendant has no right to introduce that evidence.").

The government intends to introduce summary evidence from a forensic accountant about the use of the funds the defendant received from the PPP and EIDL loans that he was awarded. The financial records indicate that some of the loan proceeds were used to pay for medical expenses. The underlying details of any medical condition or medical treatment received for any illness or medical condition are irrelevant to a use-of-funds analysis or any other issue in the case. Whether the use of PPP or EIDL funds for medical expenses is an authorized use of those funds in no way depends on the underlying condition or medical treatment for which the funds were used. The only purpose for introducing evidence of the actual illness or treatment on which the funds were spent is to improperly influence the jury by attempting to garner sympathy for the defendant.

Such evidence is also excludable under Fed. R. Evid. 403. The government does not believe this evidence is relevant to deciding any issue in this case. However, assuming for the sake of this analysis that evidence about a medical condition or treatment has some marginal relevance, it is substantially outweighed by the danger of unfair prejudice and should be excluded pursuant to Fed. R. Evid. 403. The jury will be instructed that it has an obligation to decide the case without being influenced in any way by either sympathy for or prejudice against the defendant or the government. Such evidence is intended precisely to garner sympathy for the defendant and

to influence the jury against the "big-bad" government.

The government conferred with the defense about this motion *in limine* on November 24, 2023, and on November 25, 2023, and was advised of the defense's position that this evidence is relevant to the case and that the defendant opposes the government's motion.

## Conclusion

For the reasons set forth above, the government respectfully requests that the Court grant its motion *in limine* to exclude irrelevant and prejudicial evidence about any illness, medical condition, or medical treatment concerning the defendant or a close family member.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   *s/Aimee C. Jimenez*
Aimee C. Jimenez
Assistant United States Attorney
Court No. A5500795
99 N.E. 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9028
Fax: (305) 530-7976
Email: aimee.jimenez@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 25, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

*s/Aimee Jimenez*
Aimee C. Jimenez
Assistant United States Attorney